PATTERSON, Judge.
Charles Brian Sellers appeals from the circuit court’s dismissal of his Rule 32, Ala. R.Crim.P., petition in which he contests his 1993 conviction for first degree assault, based upon his guilty plea, and his sentence of life imprisonment.
Sellers makes the following arguments on appeal: (1) that his plea was not knowing, voluntary, and intelligent because, he says, the trial court did not inform him that the prosecutor would not be permitted to make a sentence recommendation and that if the prosecutor were allowed to make a recommendation, the court would not be bound by it; (2) that he was denied effective assistance of counsel because, he says, counsel did not inform him that the trial court would not or might not accept the prosecutor’s sentence recommendation; (3) that his plea should be vacated because, he says, it rests on a promise by the prosecutor that the prosecutor knew would not be accepted by the trial court and because the promise went unfulfilled; and (4) that his trial counsel was ineffective for failing to talk to persons Sellers had claimed were potential defense witnesses.
*1199 The first argument was procedurally barred from the consideration of the circuit court and thus is procedurally barred from our consideration because it was addressed in the trial court’s disposal of Sellers’s motion to withdraw his guilty plea, Rule 32.2(a)(2), which is more thoroughly discussed below. This rationale also applies to the third argument Sellers raises, because that argument was essentially addressed in the trial court’s denial of Sellers's motion to withdraw his plea. We note that any grievance arising from the trial court’s denial of Sellers’s motion to withdraw his guilty plea could have been raised and reviewed on direct appeal had Sellers not dismissed his appeal.
The fourth argument raised by Sellers was not asserted in Sellers’s petition before the circuit court and thus is not before this court. We note moreover that, during the plea proceeding, Sellers claimed that he was pleased with his counsel’s representation and that counsel had not left undone anything that Sellers thought should have been done.
Thus, we are left with Sellers’s second argument. In setting forth the facts necessary for our disposal of this issue, we note that we have the benefit of the transcript of the guilty plea proceeding, unlike the trial court and the parties at the time of the trial court’s denial of Sellers’s motion to withdraw his guilty plea.
Sellers had been indicted for rape in the first degree and sodomy in the first degree, both Class A felonies. The rape and sodomy counts of the indictment were dismissed pursuant to the prosecution’s motion, and Sellers pleaded guilty to the lesser offense of first degree assault, a Class B felony. The trial court imposed a sentence of life imprisonment and ordered that it be served consecutively with a sentence that Sellers was already serving.[1]
The record on the direct appeal of Sellers’s conviction (CR-93-2015) shows that five days after Sellers pleaded guilty, defense counsel filed a motion to withdraw Sellers’s guilty plea. In that motion, Sellers alleged that he understood that he would plead guilty in exchange for the prosecution’s dismissal of the charges of rape and sodomy and for having his life sentence run concurrently with a seven-year sentence he was then serving. Sellers also alleged that his counsel failed to explain to him that the judge presiding in his case would not consider ordering a sentence to run concurrently with another unless the convictions giving rise to the sentences had a common factual basis and further that the judge would probably not order a concurrent sentence if the later offense was committed while the defendant was free on bond. Sellers further claimed that he did not understand that the judge would not follow the prosecutor’s recommendation that the sentence run concurrent to one previously imposed.
During a hearing on this motion, the prosecutor stated that when he told defense counsel that he would recommend that the sentences run concurrently, he “was not thinking at the time that [the court] may or may not run [the sentence] concurrent.” Defense counsel acknowledged that he understood that the court would not accept a sentence recommendation with regard to the length of a sentence, but that it did not occur to him that the court would not accept a recommendation regarding whether the sentence should run concurrently or consecutively with another. Then, the following occurred in the motion hearing:
“MR. BRANTLEY [defense counsel]: And, I did not explain to my client that you would not accept or might not accept a plea recommendation from the district attorney on concurrent sentence.
“THE COURT: But, I did explain that, didn’t I? Because, I asked your client, here in open court, if he understood that the district attorney would have no oppor *1200 tunity to make a recommendation about sentencing, didn’t I?
“MR. BRANTLEY: I believe that was in the colloquy.
“THE COURT: And, he stated that he understood that, did he not?
“MR. BRANTLEY: I believe he did, Your Honor.
“THE COURT: Because, if he had not stated that, I will take judicial notice that my practice would have been to go into that matter in great detail until I was satisfied that he understood. So, I take it that, for whatever reason, counsel for both the State and the defense assumed that I would entertain a recommendation about concurrent sentence and that it was the State’s intent to recommend concurrent sentence.... ”
[[Image here]]
“THE COURT: In view of my colloquy with the defendant on this point, I find that the Motion To Withdraw the Guilty Plea is not well taken. Notwithstanding any discussions he may have had with counsel, he had every opportunity to tell me that his understanding was different when I specifically asked him if he understood that the district attorney would not have an opportunity to make a sentence recommendation. I will notice judicially that he said that he did understand that. I will notice judicially that I stated to him, on the record, during the plea colloquy, that the matter of sentencing was entirely my responsibility. I said that or that in substance. And, based on the fact that the defendant did have the opportunity to tell me that his understanding was different, I find that the plea was knowingly, voluntarily, and intelligently made.”
The trial court’s written order states:
“I have considered the undisputed facts in this case and have denied the motion to withdraw the guilty plea. Both lawyers involved were generally aware of my practice of not accepting sentence recommendations. In the plea colloquy, I ascertained that the Plaintiff understood I would not give the District Attorney an opportunity to recommend a sentence. The sentence pronounced was within the legal range and appropriately took into account the fact that the Defendant is a repéat felony offender and that he committed the instant offense while on bond from another offense. Given that the Defendant would have received a sentence of life without parole had the State not amended, concurrent sentence would have been grotesquely inappropriate.”
Four days after the trial court’s denial of Sellers’s motion to withdraw his plea, the trial court appointed appellate counsel, who was different from Sellers’s trial counsel. Sellers’s direct appeal was subsequently dismissed upon motion of Sellers and his appellate counsel.
The record of the plea proceeding shows that the following assumptions made by the trial court, in finding that Sellers’s plea was voluntary, knowing, and intelligent, are clearly erroneous: that before Sellers entered his plea, the court “specifically” asked Sellers “in open court” if he understood that the prosecutor would have no opportunity to make a recommendation about sentencing and that it “stated to him, on the record, during the plea colloquy, [in substance] that the matter of sentencing was entirely [the trial court’s] responsibility.” Nowhere in the plea proceeding did the court refer to its blanket refusal to consider any sentence recommendation from the prosecutor and to its having the sole responsibility in determining the sentence. From these erroneous assumptions, the trial court concluded that Sellers-had every opportunity to state that he did not understand that the trial court was not bound by the prosecution’s recommendation; that Sellers stated that he understood that the trial court was not bound by any recommendation by the prosecutor; and that thus the content of Sellers’s discussions with his counsel had no effect on whether Sellers’s understood that the trial court would not or might not follow the prosecutor’s recommendation.
Based on these facts, we find that, taking as true Sellers’s allegation that counsel was ineffective because counsel did not inform him that the trial court would not or might not accept the-prosecutor’s sentence recom *1201 mendation, Sellers is entitled to a ruling on the merits of this allegation. The fact that five days after Sellers entered his plea, his attorney filed a motion to have Sellers’s plea set aside and to allow Sellers be put to a trial by a jury on the charges of first degree rape and first degree sodomy, is certainly relevant to the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): that there is a reasonable probability that but for counsel’s allegedly ineffective representation, he wpuld not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The record shows that Sellers asked that his plea be withdrawn even after discussing with his counsel and being informed by the court that if he were convicted on the offenses charged in the indictment, he would be guilty of two Class A felonies and that, as a three-time felony offender, he would be sentenced to life imprisonment without the possibility of parole on each conviction.
We also note that the alleged evidence against Sellers, as set out by the prosecutor in the plea proceeding as follows, is not unequivocal:
“The State’s evidence would be that on April 17 of 1992 the victim was living or temporarily living at ... 155A Beaumont Manor here in Dothan. The evidence in the State’s case would be that the victim had had sexual intercourse with at least one other individual on this evening. And the State’s evidence would be according to the victim that this defendant was attempting to have sexual intercourse with her; and in the process of doing that, struck her with his hands and with his fists.
“The evidence would be that she had been drinking on the night of the assault and that she had also smoked marijuana on the night of the assault. Marijuana was found inside the apartment when the police arrived. The evidence will be that she was taken to the hospital after the assault where she was treated ... for injuries to her face and also to her body.
“And the State’s evidence would be that in light of her size and her physical condition at the time of the assault that the injuries she suffered were serious physical injuries, and that the defendant’s hands and fists at the time they were used, taking into consideration her condition, were in fact a deadly weapon or a dangerous instrument.”
Based on the foregoing, this case is remanded to the circuit court for that court to determine the merits of the ineffective counsel claim discussed above and make specific findings of fact. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

. After the trial court imposed the life sentence, the prosecutor stated, “[T]he State would move that the life sentence in this case be [ordered to] run concurrently with the seven-year sentence in CC-91-1067.'' After being informed that there was no factual relationship between the instant case and CC-91-1067 and that it appeared that Sellers was on bond when he committed the instant offense, the trial court denied the prosecutor's motion.